UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| MARQUETTA DENNES VINSON, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 5:14-cv-00210-JEO |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Marquetta Dennes Vinson brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the final decision of the Acting Commissioner of Social Security ("Commissioner") finding that she is not disabled under the Social Security Act. (Doc. 1).[1] The case has been assigned to the undersigned United States Magistrate Judge pursuant to this court's general order of reference dated January 14, 2013. The parties have consented to the jurisdiction of this court for disposition of this matter. (Doc. 9). *See* 28 U.S.C. § 636(c), FED. R. CIV. P. 73(a). Upon review of the record and the relevant law, the undersigned finds that the Commissioner's decision is due to be affirmed.

## I. PROCEDURAL HISTORY

The plaintiff filed for disability insurance benefits and Supplemental Security Income benefits on December 10, 2008. (R. 38, 98-99, 197-200).[2] She alleged an onset date of February

---

[1] References herein to "Doc(s). __" are to the document numbers assigned by the Clerk of the Court to the pleadings, motions, and other materials in the court file, as reflected on the docket sheet in the court's Case Management/Electronic Case Files (CM/ECF) system.

[2] References herein to "R.___" are to the page number of the administrative record which is encompassed withing Docs. 6-1 through 6-9.

1

12, 2008. (R. 198, 204, 208). Her applications initially were denied by the State Agency. The plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (R. 38, 113-14). The plaintiff, her counsel and a vocational expert ("VE") attended the hearing on April 26, 2011. (R. 38, 56-97). At the hearing, the plaintiff's counsel submitted a written request to amend her applications to allege a disability onset date of November 8, 2010. (R. 38, 220). The ALJ issued a decision on May 26, 2011, finding that the plaintiff was not entitled to benefits. (R. 38-49).

The Appeals Council denied the plaintiff's request for review on December 5, 2013. (R. 1-5). On that date, the ALJ's decision became the final decision of the Commissioner. The plaintiff then filed this action for judicial review under 42 U.S.C. § 405(g). (Doc. 1).

## II. STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of the court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

The court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails

to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The Regulations define being "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(i-v) and 416.920(a)(4)(i-v). The Commissioner must determine in sequence:

(1) Is the claimant presently unemployed;

(2) Is the claimant's impairment severe;

(3) Does the claimant's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. pt. 404, subpt. P, app. 1 [the "Listings"];

---

[3]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 1, 2007.

    (4)  Is the claimant unable to perform his or her former occupation;

    (5)  Is the claimant unable to perform any other work within the economy?

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir.1986). An affirmative answer to any of the above questions leads either to the next question or, at steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled." *Id.; see* 20 C.F.R. §§ 404.1520 and 416.920.

## IV.  FINDINGS OF THE ALJ

The plaintiff was 29 years old at the time of her hearing before the ALJ. (R. 62). She has past relevant work experience as a cashier checker, nurse assistant, cashier and fast food worker. (R. 91). She alleges she has been unable to work since November 8, 2010, due to low back pain, sleep apnea, diabetes mellitus, morbid obesity, and depression/anxiety. (R. 41, 197, 236-44, 249-56, 260-72, 283-86; Doc. 10 at 4). Following a hearing, the ALJ determined that the plaintiff had severe impairments of degenerative disk disease and morbid obesity and other impairments including obstructive sleep apnea, narcolepsy, tonsilar enlargement, and generalized anxiety. (R. 41). However, none of her impairments, individually or in combination, met or medically equaled a listed impairment. (R. 42). The ALJ further found that the plaintiff had the residual functional capacity ("RFC") to perform light work with limitations. (*Id.*) Finally, the ALJ determined, premised on the testimony of the VE, that the plaintiff could perform her past work as a cashier checker, fast food worker, and cashier. (R. 47).

## V.  DISCUSSION

The plaintiff claims that the decision of the ALJ is due to be reversed and benefits awarded to her or the decision is due to be remanded for further proper consideration because the ALJ should

have found her to be disabled pursuant to SSR 96-7 and the Eleventh Circuit's three-part pain standard. (Doc. 10 at 8). The Commissioner argues that the contention is without merit and that the decision of the ALJ is supported by substantial evidence. (Doc. 15 at 3-10).

### A.   The Standard

It is well-settled that the plaintiff bears the burden of proving that she is disabled. *See* 42 U.S.C. § 423(D)(5)(A); 42 U.S.C. § 1382c(a)(3)(H)(i); 20 C.F.R. § 404.1512(a), (c); 20 C.F.R. § 416.912(a) ("In general, you have to prove to us that you are blind or disabled. This means that you must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s)."); 20 C.F.R. § 416.912(c) ("Your responsibility. You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say that you are disabled. You must provide evidence, without redaction, showing how your impairment(s) affects your functioning during the time you say that you are disabled, and any other information that we need to decide your claim."); *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) ("An individual claiming Social Security disability benefits must prove that she is disabled."); *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (stating that "the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim").

In evaluating a disability claim involving subjective complaints such as pain, United States District Judge L. Scott Coogler has stated:

> In order to establish a disability on the basis of subjective testimony of pain and other symptoms, the claimant must present evidence to support the Eleventh Circuit's pain standard. Under this standard, a plaintiff must present (1) evidence of an underlying medical condition; and (2) either a) objective medical evidence confirming the severity of the alleged symptoms or b) that the objectively determined medical condition is of such a severity that it can reasonably [be] expected to give

rise to the alleged pain. *See* 20 C.F.R. § 404. 1529(a) (2011); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1991) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1225 (11th Cir. 1991)). If the claimant establishes an impairment that could reasonably be expected to cause his alleged symptoms, the ALJ is obligated to evaluate the claimant's subjective complaints, including intensity and persistence of the alleged symptoms and their effect on the claimant's ability to work. *Hogard v. Sullivan*, 733 F. Supp. 1465, 1469 (M.D. Fla. 1990). The ALJ may discredit this type of pain testimony only by articulating "explicit and adequate reasoning" based on substantial evidence from the record. *Foote*, 67 F.3d at 1561; *Wilson*, 284 F.3d at 1225.

*Parker ex rel. Parker v. Colvin*, 2013 WL 2635696, *3 (N.D. Ala. June 10, 2013). A reversal is warranted if the decision of the ALJ contains no indication of the proper application of the three-part pain standard. *Holt*, 921 F.2d at 1223.

    **B.**    **Discussion**

        **1.**    **The Plaintiff's View**

In support of the plaintiff's contention that she is disabled, counsel points to the plaintiff's medical records evidencing "chronic and severe pain." (Doc. 10 at 7). These records include (1) x-ray results demonstrating "moderately severe degenerative disc disease at L5-S1 (R. 370); (2) diagnoses by Dr. Bharat Vakharia of crepitus in both knees and a demonstrated positive leg raise, sleep apnea, morbid obesity, low back pain, and osteoarthritis of the knee (R. 366); and (3) severe complaints of pain. (Doc. 10 at 7). Counsel concludes that the plaintiff should have been found disabled based upon her pain pursuant to SSR 96-7[4] and the Eleventh Circuit's three-part pain

---

[4] SSR 96-7 provides:

PURPOSE: The purpose of this Ruling is to clarify when the evaluation of symptoms, including pain, under 20 CFR 404.1529 and 416.929 requires a finding about the credibility of an individual's statements about pain or other symptom(s) and its functional effects; to explain the factors to be considered in assessing the credibility of the individual's statements about symptoms; and to state the importance of explaining the reasons for the finding about the credibility of the individual's statements in the disability determination or decision. [FN1] In particular, this Ruling emphasizes that:

1. No symptom or combination of symptoms can be the basis for a finding of disability, no matter

standard." (*Id*.)

### 2. The Record

The plaintiff initially claimed in her early filings that she was disabled as of February 12, 2008. (R. 198, 204, 208). At her disability hearing, however, the plaintiff amended her onset date until November 8, 2010. (R. 60, 220). The ALJ noted that she was terminated for "bringing her wallet/purse to work." (R. 43). The plaintiff stated, however, that she would not be working

---

how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms.

2. When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities. This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.

3. Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.

4. In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

5. It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

SSR 96-7p, 1996 WL 374186 (July 2, 1996).

regardless because of her pain in her knees and back and because she could not do the required lifting.  (R. 80).  The plaintiff further stated at the disability hearing that they were trying to find a pain clinic for her back problems.  (R. 87).  She rated her pain as 7 out of 10 without medication and 5 out of 10 with medication.  (R. 72).  It begins after she stands about two hours.  (R. 71).  It will last anywhere from an hour to an hour and a half.  (R. 72).

The plaintiff's medical records initially record a complaint of lower back pain on February 5, 2009, during an emergency room visit.  (R. 294).  The onset date for the pain was listed as one month earlier.  (R. 294).  She rated it as a 7 on a 10-point scale.  (R. 294, 296).

In her February 2009 disability examination with Dr. Bharat K. Vakharia, the plaintiff complained "of back pain, mainly in the lower back, on and off, more pain with prolonged standing, bending, sometimes, lying on her back also, causes pain. Change in position helps relieve[ ] the pain." (R. 364).  She also complained that the back pain had been ongoing for one and a half years.  She described the "pain [a]s dull, aching pain, other times sharp pain." (*Id*.)  She was taking over-the-counter pain medication as needed.  (*Id*.)  She also stated that the pain did not radiate into her legs. (*Id*.)  She did have crepitus in both knees.[5]  (R. 365).  Concluding his examination, Dr. Vakharia noted the plaintiff as suffering from sleep apnea, morbid obesity, low back pain, osteoarthritis of the knee, seizure disorder, anxiety and panic attack, and hypertension.  (R. 366).

---

[5]Crepitus is defined as follows:

> A clinical sign in medicine that is characterized by a peculiar crackling, crinkly, or grating feeling or sound under the skin, around the lungs, or in the joints. Crepitus in soft tissues is often due to gas, most often air, that has penetrated and infiltrated an area where it should not normally be (for example, in the soft tissues beneath the skin). Crepitus in a joint can indicate cartilage wear in the joint space.

Definition of Crepitus, MedicineNet.com, http://www.medicinenet.com/script/main.art.asp?articlekey-12061 (last visited March 16, 2015).

He also entertained the "possibility" that she suffers from diabetes. (*Id*.)

An April 7, 2009 x-ray evaluated by Dr. Gill indicates evidence of moderately severe degenerative disc disease at L5-S1. The remaining disc spaces appeared well preserved. There also appeared to be some facet arthropathy at L5. (R. 370).

### 3.     Analysis

The ALJ noted the following concerning the plaintiff's pain:

> Standing longer than two hours causes back pain that radiates down to her legs and knees. The pain is 5/10 with medication and 7/10 without and last[s] 1 to 1-1/2 hours. She can cook, was dishes, do laundry, and use a vacuum but denied she shops. She spends her day caring for her daughter describing she fixes her breakfast and lunch, reads and teaches her daughter alphabet and numbers, watches her play and naps with her, does laundry, helps cook supper, and bathes her daughter and puts her to bed. ... She last worked November 8, 2010 ... [and s]he had a good attendance record when working...

(R. 43). After reviewing the evidence, he concluded that the plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with" the RFC assessment. (R. 44). In assessing the plaintiff's pain, the ALJ stated:

> The objective medical evidence is fully consistent with the above residual functional capacity and is inconsistent with the allegations of disabling levels of pain. The claimant has 2009 x-ray evidence of degenerative disk disease at the L5-S1 level but with the other disk spaces to be well preserved. There is no finding of herniation, fracture, subluxation or stenosis.... There has been no doctor assessing her with functional limitations or that her condition is amenable to surgery. She has sought no care for this conduction during the period she alleges disability.... In 2009, she reported only "off/on" back pain and denied any radiation into her leg.... While she testifies now to pain radiating from her low back into her leg and foot, this is found inconsistent with absence of diagnosis or treatment of such when seen for medical care by three different sources during the period she alleges disability.... During the period she alleges disability, when seen for care she has routinely been found in no acute distress, has reported no use of medication, and has been found with no neurological deficits. The objective evidence is inconsistent with any significant motor, sensory or reflex loss and shows the claimant with normal gait. Thus the objective medical evidence does not demonstrate abnormalities which would interfere with the claimant's ability to perform the range of work identified above.

> The course of medical treatment and the use of medication in this case are not consistent with disabling levels of pain. As mentioned above, the claimant has reported no use of medication at visits for medical care. While she testified she is waiting on her doctor to find a pain center that accepts Medicaid coverage, the medical evidence is absent of any diagnosis or treatment for pain. Moreover, on a list of current medications dated April 2011, she reports no use of any medication for her back condition or pain.... For her obesity, treating physicians have repeatedly recommended diet and exercise including water aerobics.... She has been treated only conservatively while describing a wide range of daily activities consistent with good functioning. She has required no emergency room visits, hospitalization, or intensive care for any conditions she alleges to disable her during the period she alleges total disability. Rather, she has been seen only at times of regularly scheduled follow-up. Therefore the undersigned finds the course of medical treatment in this case does not bolster the claimant[']s credibility with respect to the degree of his (sic) pain and other subjective complaints.

(R. 44-45). He subsequently noted:

> The lack of seeking medical treatment is not consistent with the claimant's alleged disabling symptoms and limitations. Although the claimant indicated that her lack of medical treatment is due to financial reasons, the undersigned does not find this credible, as there is no indication in the record that the claimant has sought government subsidized health care or sought health care and been turned down due to financial reasons. Even when working and having income the records (sic) is absent she sought regular medical care.

(R. 46). Concerning the plaintiff's credibility, the ALJ noted:

> There are inconsistencies with the claimant's statements that do not serve to bolster her credibility. For example, under questioning by the undersigned she denied any use of alcohol. However, her treating physician records repeated (sic) show reported "occasional" use.... As another example, under questioning, ... she denied receipt of child support benefits for her daughter yet she earlier reported to a consultative examiner she was receiving such benefits.... In testimony, she denied shopping testifying her mother does all of it, which is inconsistent with her reports elsewhere that she shops weekly for groceries and needs.... The claimant's testimony she sees Dr. Gowda weekly for diabetes and anxiety is contrary to the actual records in file which show only three visits, as much as one month apart, and at which time include no diagnosis of diabetes.... Although the inconsistent information provided by the claimant may not be the result of a conscious intention to mislead, nevertheless the inconsistencies suggest that the information provided by the claimant generally may not be entirely reliable.

(R. 46-47). Finally, he noted that the plaintiff's motivation to work is suspect. He premised this on

the following: (1) she stopped working because she broke a work rule and was terminated, "not because of any medical condition or symptoms;" (2) she lives with her parents and receives Medicaid coverage for herself and her daughter; (3) she receives food stamps and aide for dependent children totaling $790 per month, "an amount which [is] greater than her usual income when working;" (4) her April 2011 report to Dr. Gowda describing she is " 'taking care of her father with Alzheimer's' but feeling well and doing well other than being 'stressed out' from that work;" (5) her daughter requires frequent medical care; and (6) "a review of the earnings evidence finds the claimant's work history does not suggest a strong motivation for regular employment even prior to her alleged disability onset date and does not serve to bolster her credibility." (R. 47).

The plaintiff asserts that the ALJ did not properly consider her pain under the Eleventh Circuit's pain standard. (Doc. 10 at 7-10). The court disagrees. As noted above, the ALJ is required to examine the evidence of any underlying medical condition and if the plaintiff establishes an impairment that could reasonably be expected to cause her alleged symptoms, the ALJ is obligated to evaluate the plaintiff's subjective complaints, including intensity and persistence of the alleged symptoms and their effect on the plaintiff's ability to work. *Parker ex rel. Parker*, 2013 WL 2635696, *3. Thereafter, the ALJ may discredit pain testimony only by articulating "explicit and adequate reasoning" based on substantial evidence from the record. *Id.* (citing *Foote*, 67 F.3d at 1561; *Wilson*, 284 F.3d at 1225).

The ALJ cited the applicable authorities, considered the plaintiff's allegations in relation to the evidence in the record, and articulated detailed reasons and analysis for determining that the plaintiff's claims were not totally credible. The plaintiff has failed to show how the ALJ legally or factually misapplied applicable Eleventh Circuit precedent. To the extent she argues that "[t]he

medical evidence of record documents chronic and severe pain," the court finds that the determination of the ALJ is supported by substantial evidence. While the plaintiff is correct that the x-rays evaluated by Dr. Gill show "moderately severe degenerative disc disease at L5-S1," that does not demonstrate that the pain was such that she could not work – a conclusion that was supported by other evidence. (R. 370). First, Dr. Gill did not state that the plaintiff could not work. Second, no other medical provider stated that she could not work due to her pain. Third, there is no evidence of acute distress due to pain in her physical examinations during the relevant period.[6] (R. 448, 451, 455, 459, 464-65). Fourth, on March 16, 2011, and April 18, 2011, Dr. Bhavna Gowda, the plaintiff's treating physician, recommended that she exercise to help overcome her morbid obesity.[7] (R. 459, 464).

To the extent the plaintiff cites to Dr. Vakharia's evaluation and conclusion that she suffers from "crepitus in both knees and demonstrated a positive straight leg raise," this is not sufficient to challenge the ALJ's determination. (R. 360). Dr. Vakharia does not attribute this malady to severe, or even moderate, pain in her knees, much less her lower back.

Finally, the plaintiff's statements that "the medical evidence of record documents an underlying medical contradiction confirmed by examination and diagnostic testing," and that "examining physicians have noted known pain indicators suggesting severe pain," are conclusory assertions. (Doc. 10 at 7). Neither Dr. Gill nor Dr. Vakharia state that the plaintiff's conditions cause her severe pain. Additionally, her activities, including cooking, doing laundry, interacting

---

[6] Her last reported emergency room visit complaining of lower back pain was on September 15, 2010. (R. 424). She was treated and released with medication, including 5mg of Lortab. (R. 425). She had another emergency room visit complaining of lower back pain radiating into both legs on February 5, 2009. (R. 318).

[7] Dr. Gowda was treating the plaintiff for sleep apnea, narcolepsy, general anxiety, and morbid obesity. (R. 464-65).

with her daughter, caring for her invalid father, driving regularly, and attending church, indicate her ability to function with her medical conditions. (R. 459, 465).

In sum, substantial evidence supports the determination of the ALJ that the plaintiff was not under a disability as defined by the Social Security Act. (R. 49). The plaintiff has not demonstrated that she was unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment expected to result in death or to last twelve or more continuous months. *See* 42 U.S.C. § 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.

## VI.  CONCLUSION

For the reasons set forth above, the undersigned concludes that the decision of the Commissioner is due to be **AFFIRMED**.

**DONE,** this the 17th day of March, 2015.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge